```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

JOSE FELICIANO VASQUEZ-
VAIL,

      Petitioner,

v.                              Case No.  2:26-cv-81-JES-NPM

FIELD OFFICE DIRECTOR,
MIAMI FIELD OFFICE, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Respondent.
_____/

## OPINION AND ORDER

Before the Court are Jose Feliciano Vasquez-Vail's petition for writ of habeas corpus (Doc. 1) and the Government's response (Doc. 10). For the following reasons, the petition is granted.

### I.  Background

Vasquez-Vail is a native and citizen of Guatemala. (Doc. 1 at 4). He entered the United States without inspection in 2008 and has lived in the United States continually since then. (Id. at 2). On December 26, 2005, Vasquez-Vail was taken into the custody of Immigration and Customs Enforcement (ICE) after a traffic stop. (Doc. 10 at 2). He is currently detained by Respondents at the South Florida Soft Side Detention Facility in Ochopee, Florida (Alligator Alcatraz). (Doc. 1 at 11). He is being held under the mandatory detention provisions of 8 U.S.C. §

1225(b)(2).  (Doc. 10 at 2).

Vasquez-Vail asserts that this case is an emergency because his two-year-old son, who is a United States citizen, is in hospice care for a terminal illness and Vasquez-Vail's presence is needed for his son's care.  (Doc. 1 at 1).

## II.  Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Gonzalez.  The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Among other things, Vasquez-Vail asks the Court to order Respondents to either release him or provide a prompt bond hearing.  (Doc. 1 at 13-14).

Respondents argue that Vasquez-Vail's continued detention does not violate the Constitution, that the Court lacks jurisdiction to consider this petition, that Vasquez-Vail has not properly exhausted his administrative remedies, and that Vasquez-Vail is ineligible for a bond hearing because he is properly detained under 8 U.S.C. § 1225. (Doc. 10 at 5).

The Court has rejected identical arguments in recent cases presenting the same issues.  See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v.

2

<u>Florida Southside Facility</u>, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in <u>Cetino</u> and <u>Patel</u>, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Vasquez-Vail's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Vasquez-Vail is entitled to the statutory process under § 1226(a), which includes a bond hearing. <u>See</u> <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court is aware that the Executive Office for Immigration Review (EOIR) is the agency that schedules bond hearings. In other cases before this Court, Respondents have claimed they cannot direct the EOIR when to hold a bond hearing. Regardless, subjecting Vasquez-Vail to mandatory detention under § 1225(b)(1) is unlawful. If Respondents are unable to ensure Vasquez-Vail receives a § 1226(a) bond hearing within five days, they must release him.

Accordingly, it is hereby **ORDERED**:

1. Jose Feliciano Vasquez-Vail's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent explained in this Order.

2. Within **FIVE (5) DAYS**, Respondents shall either provide Vasquez-Vail with the statutory process required under § 1226, which includes a bond hearing or release him under reasonable conditions of supervision.

3. If Respondents release Vasquez-Vail, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[1]

**DONE AND ORDERED** in Fort Myers, Florida on January 22, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). No final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.